11-3940
Cui-Run v. Holder

BIA
Morace, IJ
A087 434 445

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of July, two thousand twelve.

PRESENT:
   DENNIS JACOBS,
    *Chief Judge,*
   ROBERT D. SACK,
   RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

_____

SONGJIE CUI-RUN,
   *Petitioner,*

   v.        11-3940
             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
   *Respondent.*

_____

FOR PETITIONER:  David A. Bredin, New York, N.Y.

FOR RESPONDENT:  Stuart F. Delery, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Ashley Y. Martin, Trial Attorney; Katelin Buell, Law Clerk; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Songjie Cui-Run, a native and citizen of the People's Republic of China, seeks review of a September 1, 2011, decision of the BIA affirming the June 18, 2010, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Songjie Cui-Run*, No. A087 434 445 (B.I.A. Sept. 1, 2011), *aff'g* No. A087 434 445 (Immig. Ct. N.Y. City June 18, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications, like Cui-Run's, governed by the REAL ID Act, the agency may, considering the totality of the

2

circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Cui-Run did not testify credibly regarding his claim that he was persecuted in China on the basis of his Christian faith. The IJ reasonably relied on the implausibility of Cui-Run's testimony, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), and the IJ's reasoning was "tethered to record evidence," *Wengsheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). The IJ reasonably determined that: it was implausible that Cui-Run would not be able to recall the day of the week on which his father was arrested while hosting a Christian worship meeting in his home, particularly because Cui-Run testified that their worship group gathered only on Sundays and Wednesdays to worship; and that Cui-Run could not recall the name of the relative whose household register he submitted in support of his claim, particularly in light of Cui-Run's testimony that he transferred his registration to the other household in order to work. Because the IJ's implausibility findings are

3

based on record facts, and because "there is nothing else in the record from which a firm conviction of error could properly be derived," *id.*, the inherent implausibility of Cui-Run's testimony provides substantial support for the agency's adverse credibility determination, *see* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that the agency may base a credibility determination on "the plausibility of the applicant's . . . account").

Further, in finding Cui-Run not credible, the IJ reasonably relied in part on his demeanor, noting that Cui-Run's testimony was vague, hesitant and lacking in detail. Because the IJ was in the best position to observe Cui-Run's manner while testifying, we afford this demeanor finding particular deference. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (en banc).

Further, having questioned Cui-Run's credibility, the IJ reasonably relied on his failure to provide corroborating evidence to support his claim that he had been persecuted in China. An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular

4

corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Thus, the agency reasonably concluded that, in light of Cui-Run's lack of credibility, his failure to offer evidence supporting his claim that he was persecuted in China adversely affected his credibility. Further, the IJ's decision to decline to allow Reverend Kim's testimony is entitled to particular deference. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

We lack jurisdiction to consider Cui-Run's argument that the BIA erred in affirming the IJ's decision without opinion. *See Kambolli v. Gonzales*, 449 F.3d 454, 463 (2d Cir. 2006). Further, because he failed to challenge the IJ's denial of his request for CAT relief in his brief to the BIA, we lack jurisdiction to consider his argument that the IJ did not consider all of the evidence in support of his CAT claim. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir. 2003)).

In light of the inherent implausibility of Cui-Run's testimony and his failure to corroborate his claims, and in light of the Court's deference to the agency's findings regarding demeanor, the agency's adverse credibility determination regarding Cui-Run's claim that he suffered past persecution in China was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167 (explaining that this Court "defer[s] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling"). Accordingly, the agency did not err in denying Cui-Run's application for asylum and withholding of removal.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk